IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY SYNCLAIR, SR., | ) | 1:01cv6546 AWI DLB |
| | ) | |
| | ) | ORDER RE DISCOVERY MOTIONS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | (Documents 117, 118, 119 and 120) |
| | ) | |
| COUNTY OF FRESNO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On February 19, 2008, plaintiff Larry Synclair, Sr., filed a motion to compel production of documents, depositions and further discovery. On February 20, 2008, defendants filed a motion for a protective order and further depositions. The motions were heard before the undersigned on March 14, 2008. Attorney Cynthia Arroyo appeared on behalf of plaintiff and attorney Erica Camerena appeared for defendants.

**BACKGROUND**

Plaintiff is pursuing this civil action, under 42 U.S.C. §1983, for administrative non-prosecutorial conduct that resulted in violation of his procedural due process and substantive due process rights. Plaintiff claims defendants failed to establish policies and procedures to ensure that its employees and agents, including individually named defendants, would follow orders of the

1

1 Superior Court. Synclair also claims, defendants failed to take steps to implement orders of the court
2 to cooperate with federal officials in connection to the international parental abduction of his son and
3 that their failure violated 42 U.S.C. §1983 and resulted in depriving Synclair of his constitutional
4 right to procedural and substantive due process.

5     On July 31, 2003, this Court dismissed the action for lack of subject matter jurisdiction under
6 the *Rooker-Feldman* doctrine, which is confined to cases brought by state-court litigants complaining
7 of injuries caused by state-court judgments which were rendered before the federal district court
8 proceedings commenced.  The Court stated that to try the case, it would have to review Judge
9 Cardoza's Order to determine its validity.  Plaintiff appealed to the Ninth Circuit and the judgment
10 was affirmed on February 16, 2005.  On November 28, 2005, the United States Supreme Court
11 remanded the case back to the Ninth Circuit holding that the *Rooker-Feldman* doctrine did not
12 prevent district courts from exercising subject matter jurisdiction and the Ninth Circuit remanded the
13 case back to this court.

14 **A.     Plaintiff's Request for Production of Documents**

15     In October 2003, plaintiff's former counsel served a request for production of documents.  At
16 issue in the present motion are Request Numbers 1, 2 and 3.

17     Defendants are in the process of going through their documents and have agreed to provide a
18 supplemental response to plaintiff within two (2) weeks.

19 **B.     Plaintiff's Request for Extension of Discovery to Depose Witness and Defendants'**
20       **Motion for Protective Order**

21     Plaintiff requests an extension of the discovery cutoff to depose witnesses.  Defendants object
22 and argue that plaintiff should have taken these depositions years ago.

23     Plaintiff has expressed his intention to call his treating therapist Ms. Valerie Brink as a
24 witness. Defendants seek a "protective order" excluding her testimony. Defendants argue the first
25 time they learned of her was during the preparation for plaintiff's deposition when he requested that
26 she be present at his deposition on January 19, 2008.  If plaintiff is allowed to identify her as a
27 witness now, defendants argue: (1) they should not bear the cost of travel to take her deposition in

28

Florida; (2) her testimony should be limited to that of a lay witness and not that of an expert, as the expert designation has passed; and (3) defendants should be given the opportunity to have plaintiff submit to an IME.  Defendants are opposed to further depositions as discussed above.  However, if plaintiff is allowed to re-open discovery to take new depositions, defendants request to take the depositions of Emily Griffith and Devora Goldberg-Lockton.

As discussed at the hearing, because this case was on appeal for several years, additional discovery is necessary.  Despite their objections to the other's proposed additional discovery, both plaintiff and defendants acknowledge their need for updated information.  Accordingly, the parties shall prepare a stipulation to extend to the discovery cutoff and dispositive motion deadline.

With regard to Ms. Brink, the parties shall meet and confer to obtain Ms. Brink's treatment records.  The parties shall then discuss the possibility of a video-conference deposition.  The parties shall contact the undersigned if they need assistance in the meet and confer process.

**CONCLUSION**

The parties' respective discovery motions are granted in part as discussed in this order. Defendants shall provide a supplemental response to plaintiff's request for production of documents. The parties shall submit a stipulation and proposed order extending the discovery and dispositive motion deadlines.  The parties shall meet and confer regarding treatment records and the deposition of Ms. Brink.

IT IS SO ORDERED.

**Dated:   March 24, 2008**              /s/ **Dennis L. Beck**
                                         UNITED STATES MAGISTRATE JUDGE