IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LARRY SYNCLAIR, SR., | ) | 1:01cv6546 AWI DLB |
| | ) | |
| | ) | ORDER RE PLAINTIFF'S MOTION TO |
| | ) | COMPEL PRODUCTION OF DOCUMENTS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | (Document 129) |
| | ) | |
| COUNTY OF FRESNO, et al., | ) | |
| | ) | |
| Defendants. | ) | |
|  | ) | |

On July 31, 2008, plaintiff Larry Synclair, Sr., filed a motion to compel further production of documents. The motion was before the undersigned on September 12, 2008. Attorney Cynthia Arroyo appeared on behalf of plaintiff and attorney Erica Camerena appeared for defendants.

**BACKGROUND**

Plaintiff is pursuing this civil action, under 42 U.S.C. §1983, for administrative non-prosecutorial conduct that resulted in violation of his procedural due process and substantive due process rights. Plaintiff claims defendants failed to establish policies and procedures to ensure that its employees and agents, including individually named defendants, would follow orders of the Superior Court. Synclair also claims, defendants failed to take steps to implement orders of the court to cooperate with federal officials in connection to the international parental abduction of his son and

1

that their failure violated 42 U.S.C. §1983 and resulted in depriving Synclair of his constitutional right to procedural and substantive due process.

On July 31, 2003, this Court dismissed the action for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine, which is confined to cases brought by state-court litigants complaining of injuries caused by state-court judgments which were rendered before the federal district court proceedings commenced. The Court stated that to try the case, it would have to review Judge Cardoza's Order to determine its validity. Plaintiff appealed to the Ninth Circuit and the judgment was affirmed on February 16, 2005. On November 28, 2005, the United States Supreme Court remanded the case back to the Ninth Circuit holding that the *Rooker-Feldman* doctrine did not prevent district courts from exercising subject matter jurisdiction and the Ninth Circuit remanded the case back to this court.

On March 14, 2008, the Court ordered defendants to provide a supplemental response to plaintiff's request for production of documents. On April 8, 2008, defendants produced some responsive documents and a privilege log. On July 29, 2008, defendants produced additional documents but refused to produce the following based upon the attorney-client privilege and the attorney work product doctrine:

1. Doc. 1141 - Interoffice Memo dated July 16, 1999 from the County of Fresno's Associate Executive Officer to Wesley Merritt, Chief Deputy County Counsel (defendant asserts attorney-client communication privilege); and

2. Docs. 1538-1620 - Various case docket notes from criminal hearings; District Attorney's handwritten notes and impressions dated 1999-2001 (defendant asserts work product protection).

Plaintiff filed this motion on July 31, 2008 seeking an order requiring production of these documents.

Defendants argue that document 1141 is a memorandum prepared specifically for Fresno County Counsel regarding a civil complaint filed by plaintiff against Fresno Superior Court Judge Jane Cardoza. Because the Office of Fresno County Counsel serves as attorney for the County, defendants argue that any communications directed by the office (specifically to Wesley Merritt, Chief Deputy County Counsel) by its County departments and/or employees regarding pending

litigation are protected by the Attorney-Client communication privilege.

Plaintiff contends document 1141 relates to a lawsuit filed by plaintiff in 1999 against Judge Cardoza. Plaintiff argues that defendants have not contended that the Superior Court, in particular Judge Cardoza, made any statements to her attorneys in confidence and therefore the privilege should not apply.

With respect to document numbers 1538-1620, defendants argue that all written notes reflecting the thoughts, impressions and deliberative process of the District Attorneys are protected by the Attorney Work Product privilege. Defendants state that the documents at issues are prosecutorial files maintained by the District Attorneys who are parties to this litigation and therefore the work product doctrine applies. These documents include Case Docket Continuation Sheets with notes from the attorneys taken at various hearings and by different District Attorneys in preparation for the criminal prosecution of Larry Synclair. The documents also include comments made for the purposes of investigating the crime of child abduction.

In the event the court orders production, defendants request the issuance of a protective order to ensure the confidential nature of these documents.

**DISCUSSION**

Elements of the attorney-client privilege include: (1) when legal advice of any kind is sought (2) from a professional legal adviser in his/her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection is waived. *United States v. Martin*, 278 F.3d 988, 999 (9th Cir. 2002). "A party seeking to withhold discovery based upon the attorney-client privilege must prove that all of the communications it seeks to protect were made 'primarily for the purpose of generating legal advice." *Griffith v. Davis*, 161 F.R.D. 687, 697 (C.D. Cal. 1995) (quoting *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990)).

Federal Rule of Civil Procedure 26(b)(3) provides:

(A) Ordinarily, a party may not discover documents and tangible things

> prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But subject to Rule 26(b)(4), those materials may be discovered if:
>
> (I) they are otherwise discoverable under Rule 26(b)(1); and
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent.

At the hearing, plaintiff conceded that the Interoffice Memo dated July 16, 1999 (Document 1141) was protected by the attorney-client privilege. As to Documents 1538-1620, it appears that the documents, while technically work product, may include some factual information relevant to plaintiff's claims. Accordingly, after careful review and redaction of all confidential information, defendants shall produce the documents to plaintiff, subject to a protective order which the parties shall agree upon.

## CONCLUSION

Based on the foregoing, plaintiff's motion to compel is granted in part as discussed in this order. Within 20 days of this Order, Defendants shall provide the requested documents to plaintiff, in redacted form and subject to an agreed upon protective order.

IT IS SO ORDERED.

Dated: **September 12, 2008**         **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

4