IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **LARRY SYNCLAIR, SR,** ) <br> ) <br> **Plaintiff**, ) <br> ) <br> v. ) <br> ) <br> **COUNTY OF FRESNO,** ) <br> **DEPARTMENT OF CHILD** ) <br> **ABDUCTION UNIT, WILLIAM** ) <br> **FRANK, RON HOPPER, DENNIS** ) <br> **LEWIS, AND EDWARD HUNT,** ) <br> ) <br> **Defendants**. ) <br> ) <br> _____) | 1:01-CV-6546 AWI DLB <br><br> ORDER DENYING MOTION FOR <br> RECONSIDERATION OF CLERK OF <br> THE COURT'S TAXING OF COSTS <br><br> (Document #185) |

      Plaintiff Larry Synclair, Sr. filed a civil action for damages and injunctive relief pursuant to 42 U.S.C. § 1983.  On January 16, 2009, the court granted Defendants' motion for summary judgment.  After Defendants filed a bill of costs, on April 23, 2009, the Clerk of the Court taxed costs in the amount of $7,524.63 against Plaintiff.   On May 15, 2009, Plaintiff filed a motion for reconsideration.

      Title 28 U.S.C. § 1920 authorizes the Clerk of the Court to tax costs.  Costs "should be allowed to the prevailing party."  Fed. R. Civ. Pro. 54(d)(1).  The court may review the Clerk of the Court's taxing of costs pursuant to a motion served within seven days of the Clerk of the Court's taxing of costs.  Id.  Rule 54(d) of the Federal Rules of Civil Procedure creates a presumption in favor of awarding costs to prevailing parties, and it is incumbent upon the losing party to demonstrate why the costs should not be awarded.  Stanley v. Univ. of S. Cal., 178 F.3d 1069, 1079 (9th Cir.1999).  The court may consider a non-prevailing party's indigency upon such

1  a motion.  Doe I v. Unocal Corp., 395 F.3d 932, 963 n.35 (9th Cir. 2002).

2       The basis of Plaintiff's motion is that he had been abandoned by his attorney at the time
3  Defendants filed their Cost Bill.   Plaintiff contends that he should have been given the
4  opportunity to provide evidence showing he is indigent prior to the Clerk of the Court taxing
5  costs. "Indigency is a factor that the district court may properly consider in deciding whether to
6  award costs."  Sengenberger v. Townsend, 473 F.3d 914, 915 (9th Cir. 2006);  Stanley v.
7  University of Southern California,178 F.3d 1069, 1079 (9th Cir. 1999).   However, it is a factor
8  for the court to consider when reviewing the Clerk of the Court's entry of costs.    Because the
9  Clerk of the Court would not have taken Plaintiff's indigency into account when taxing costs,
10 Plaintiff was not prejudiced by his prior counsel's failure to provide him with the entire Cost Bill
11 and supporting exhibits.   Because Plaintiff did not ask the court to review the Clerk of the
12 Court's actions within seven days, the court cannot consider Plaintiff's indigency contentions in a
13 motion for reconsideration.

14       Accordingly, the court ORDERS that Plaintiff's motion for reconsideration is DENIED.

16 IT IS SO ORDERED.

17 **Dated:   March 26, 2010**               **/s/ Anthony W. Ishii**
                                             CHIEF UNITED STATES DISTRICT JUDGE

2